```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

BANK OF FRANKLIN,                  :
                                   :
    Plaintiff,                     :
                                   :
vs.                                : CIVIL ACTION NO. 15-00016-KD-B
                                   :
SE PROPERTY HOLDINGS, LLC,         :
                                   :
    Defendant.                     :

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Bank of Franklin's Motion to Remand. (Doc. 8). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Plaintiff's Motion to Remand (Doc. 8) be **DENIED**.

### I.  Background Facts

Plaintiff, Bank of Franklin ("Franklin"), commenced this action for specific performance in the Circuit Court of Baldwin County, Alabama on December 9, 2014, against Defendant SE Property Holdings, LLC ("SEPH"). (Doc. 1-1 at 1). In the complaint, Plaintiff alleges that SEPH (as the successor in interest to Vision Bank), breached certain obligations to Franklin under a contract/"Participation Agreement" between

Franklin and Vision Bank regarding Franklin's purchase of a 9.375% interest in a $16 million loan from Vision to ZLM Acquisitions, LLC.[1]  (Doc. 1-1 at 3-4).  Franklin seeks the entry of an order requiring SEPH to re-purchase Franklin's interest in the loan for $1,456,216.52.  (Id.).

On January 13, 2015, SEPH removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  In the Notice of Removal, SEPH asserts the existence of subject matter jurisdiction under § 1332.  (Doc. 1 at 3).  On February 10, 2015, Franklin filed the instant motion seeking to remand this action to state court.  (Doc. 8).  Franklin does not challenge SEPH's assertion of diversity jurisdiction but, rather, bases the motion to remand solely upon a forum selection clause in the contract.  The motion has been fully briefed and is now ready for resolution.

II. **Standard of Review**

"Forum selection clauses in contracts are enforceable in federal courts."  P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  "The validity [and scope] of a forum selection clause [are] determined under the

---

[1] Franklin alleges that the aggregate amount of its 9.375% interest in the loan is $1,456,216.52. (Doc. 1-1 at 2).

2

usual rules governing the enforcement of contracts in general." Id. (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)). "Under general contract principles, the plain meaning of a contract's language governs its interpretation." Slater v. Energy Servs. Grp. Int'l, Inc., 634 F.3d 1326, 1330 (11th Cir. 2011) (citing Belize Telecom, Ltd. v. Belize, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008)). If there is any ambiguity in the application of the clause, "the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document." Id. (citing Global Satellite Commc'n Co. v. Starmill U.K., Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004)).

### III. Analysis

The Eleventh Circuit "characterize[s] forum-selection clauses as either 'permissive' or 'mandatory.'" Slater, 634 F.3d at 1330 (quoting Global Satellite, 378 F.3d at 1272). "'A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere[.]'" Id. (quoting Global Satellite, 378 F.3d at 1272). On the other hand, "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" Id. (quoting Global Satellite, 378 F.3d at 1272). "Furthermore, a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court." Global Satellite, 378 F.3d at 1272 ("the determination of whether such a clause constitutes a waiver, in

3

the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles, and need not meet the higher threshold of a 'clear and unequivocal' waiver that has otherwise applied to litigation-based waivers.") (citation omitted).

The forum selection clause in this case reads in pertinent part as follows:

> Participating Bank [Franklin] further agrees that all actions or proceedings instituted by [Franklin] hereunder ***shall*** be ***brought*** in a court of competent jurisdiction in Baldwin County, Alabama ***or*** in the United States District Court for the Southern District of Alabama, Baldwin County Division. [Franklin] irrevocably submits to the nonexclusive jurisdiction of such court for the purposes of all legal proceedings arising out of or relating to this Agreement and irrevocably waives any present or future objection to venue in any such court and any present or future claim that any such court is an inconvenient forum in connection with any action or proceeding relating to this Agreement.

(Doc. 1-1 at 16, ¶20) (emphasis added).[2]

In arguing for remand, Franklin states that ¶ 20 of the Participation Agreement confers upon Franklin the option of

---

[2] SEPH acknowledges that it (as Vision Bank's successor in interest) is the drafter of the Participation Agreement. (Doc. 19 at 11). Thus, "[i]f no other contract principles point to a particular meaning, the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document." Slater, 634 F.3d at 1330.

4

electing to sue in Baldwin County state court or in the United States District Court for the Southern District of Alabama, and that SEPH "cannot be allowed to vitiate that election through removal." (Doc. 9 at 3).  The Court agrees with Franklin that a plain reading of the forum selection clause in this case authorizes jurisdiction in either of those two courts (Baldwin County state court or the United States District Court for the Southern District of Alabama).  However, the Court disagrees that the forum selection clause prohibits removal to the federal forum.

Guided by the plain meaning of the agreement, the Court finds that the forum selection clause at issue in this case mandates that any litigation initiated by Franklin be brought in either of the two specified courts (one state and one federal). However, it does not favor one forum over the other (describing them as "nonexclusive"), and it does not prohibit removal to the federal court if suit is filed in the state court. Specifically, the forum selection clause provides that Franklin (alone) expressly agrees to submit to jurisdiction, and waive all objections to venue, in both designated forums.  (Doc. 1-1 at 15-16).  Notably, there is no corresponding waiver by Defendant SEPH of any of its rights, particularly the right to remove, nor is there any language otherwise limiting litigation *only* to the state court forum in the event that suit is filed

5

there.  Cf. Snapper, Inc. v. Redan, 171 F.3d 1249, 1260-62 (11th Cir. 1999) (holding that where defendants/Guarantors agreed to "expressly waiv[e] *whatever rights*" they might have "by reason of [their] present or future domicile," they waived their right to remove because the "waiver of 'whatever rights' encompasses all rights.") (emphasis added); Travelers Prop. Cas. Co. of Am. v. OneSource Facility Servs., Inc., 2006 U.S. Dist. LEXIS 23342, *11, 2006 WL 752925, *3 (M.D. Ala. Mar. 23, 2006) (holding that a forum selection clause which provided that any action must be "brought *and maintained* in the  City of Tuskegee, Macon County, Alabama" constituted a waiver of defendant's right to remove the action to federal court because there was not a federal court in Tuskegee, Alabama, and "[i]n the context of civil litigation, 'brought' can only mean 'filed,' and '*maintained*,' . . . can only mean '*kept*,'" which "constitutes a clear waiver of any right to removal.") (emphasis added); Global Satellite, 378 F.3d at 1272 (holding that the parties' agreement that "venue shall be in Broward County, Florida," was mandatory but that the parties' waiver of the right "to contest any issues regarding venue or *in personam* jurisdiction" and "submit to the jurisdiction of Broward County, Florida," was too vague and imprecise to constitute a waiver of the right to remove the case to the federal court sitting in Broward County, Florida) (emphasis added).

6

Given that the agreement in the present case listed two forum choices for litigation initiated by Franklin, one of which was a state court and the other of which was *the federal court in which that state court was located*, it cannot reasonably be suggested that removal to the designated federal forum was not contemplated by the parties.  Moreover, as noted, the waiver language in the forum selection clause is directed only to Franklin.  It provides that Franklin will submit to the jurisdiction of, and waive its right to object to the venue of, the two designated courts.  Therefore, the forum selection clause cannot reasonably be interpreted to constitute a waiver *by SEPH* of any of its rights, including the right to remove to the designated federal forum.  There being no other argument for remand, and the Court being satisfied of its jurisdiction, Franklin's motion to remand is due to be denied.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 8) be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **31st** day of **March, 2015.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**